UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 15 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| ANDREW U.D. STRAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Civil Action No. 1:20-cv-02849 (UNA) |

## MEMORANDUM OPINION

The plaintiff brings this suit against the United States, pursuant to the Federal Tort Claims Act ("FTCA") and the Americans with Disabilities Act ("ADA"). *See generally* Compl., Dkt. 1. Also before the Court is the plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and motion for service. The court will grant the IFP motion and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court will also deny the motion for service as moot.

The plaintiff alleges claims based on (1) sanctions imposed, particularly in Indiana, relating to his law license, *see* Compl. at 5, 9–10, (2) the decisions of various federal district courts regarding his challenges to these sanctions, *see id*. at 2–3, 10–11, 14, and (3) the Clerk of the Supreme Court's rejection of a motion for rehearing to challenge the Indiana disciplinary proceedings, *see id*. at 4–9. He seeks monetary damages, *id.* at 23, asks the Court to declare as unconstitutional certain Indiana Rules of Court, *id.* at 24, and to "declare that the U.S. Supreme Court is the final authority on all questions of lawyer licensing," *id.*, and that "federal and state court clerks are not allowed to refuse filings based on any substantive question," *id.* at 25.[1]

---

[1] The plaintiff has filed other similar cases in this Court. *See, e.g., Straw v. Harris*, No. 20-cv-01281 (UNA) (D.D.C. dismissed Jun. 16, 2020); *Straw v. United States*, No. 18-cv-01406 (UNA)

To the extent that the plaintiff challenges the imposition of his license suspension, he must seek review by Indiana's "highest court and [such a challenge] falls outside the jurisdiction of the federal courts." *Powell v. Nigro*, 543 F. Supp. 1044, 1048 (D.D.C. 1982); *see also Starr v. State Bd. of Law Examiners of Ind.*, 159 F.2d 305, 306 (7th Cir. 1947) (per curiam) ("[T]he right to practice law in State courts is not a privilege granted by the Federal Constitution . . . [t]he Supreme Court of Indiana has exclusive jurisdiction to admit attorneys to practice law in its courts.") (citations omitted).

Moreover, "neither a district court nor a circuit court of appeals has jurisdiction to interfere with" the Supreme Court's "supervisory authority" over the Clerk of Court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980). Nor does this Court have the authority to review decisions of other federal district courts. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

The plaintiff argues that the sanctions imposed against him under the Indiana Rules of Court violates the ADA. *See* Compl. at 16–19, 24–5. But the plaintiff has sued the United

---

(D.D.C. dismissed Jul. 17, 2018); *Straw v. United States*, No. 18-cv-01172 (UNA) (D.D.C. dismissed May 31, 2018), *aff'd*, 18-5247 (D.C. Cir. Mar. 6, 2019); *Straw v. Supreme Court*, No. 18-cv-00299 (UNA) (D.D.C. dismissed Mar. 26, 2018), *aff'd*, (D.C. Cir. Oct. 10, 2018).

States, and the ADA does not generally apply to the federal government. *See Emrit v. Nat'l Institutes of Health*, 157 F. Supp. 3d 52, 56 n.3 (D.D.C. 2016) (citing 42 U.S.C. § 12111(2), (5)(B)(i)).[2] He also attempts to bring constitutional claims for violations of the First, Fifth, Eleventh, and Fourteenth Amendments, under the auspices of the FTCA, *see id*. at 7–9, 12, 13, 20, but the FTCA does not waive sovereign immunity of United States for constitutional claims. *Helton v. United States*, 191 F. Supp. 2d 179, 180 (D.D.C. 2002) (citing *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994)).

For these reasons, the Court dismisses this case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).[3] A separate order accompanies this memorandum opinion.

*Dabney L. Friedrich*

_____
DABNEY L. FRIEDRICH
United States District Judge

DATE:  October 15, 2020

---

[2] The plaintiff has also failed to properly plead that he is disabled pursuant to the ADA. *See Singh v. Geo. Wash. Univ. School of Medicine and Health Sciences*, 597 F. Supp. 2d 89, 94–5 (D.D.C. 2009).

[3] To the extent that the plaintiff challenges Indiana's "general rules and regulations governing admission," *Powell*, 543 F. Supp. at 1048, federal jurisdiction may exist, but he must sue the defendants who are responsible for promulgating those rules, and he must do so in the proper forum. *See generally* 28 U.S.C. §§ 1391(b), § 1406(a).